**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE JUAN MARTINEZ-SALAS, AKA
Juan Martinez-Salas,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70741

Agency No. A206-236-804

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, and Circuit Judges.

Jose Juan Martinez-Salas, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

terminate and dismissing his appeal from an immigration judge's ("IJ") decision

denying his application for cancellation of removal.  Our jurisdiction is governed

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review de novo questions of law, including claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for abuse of discretion the agency's denial of a motion to terminate. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

The BIA did not err in its analysis or conclusion that Martinez-Salas's contention that the IJ failed to consider his children's right to family unity under the Fourteenth Amendment is without merit. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also De Mercado v. Mukasey*, 566 F.3d 810, 816 n.5 (9th Cir. 2009) (denial of an application for cancellation of removal does not implicate constitutional rights regarding family unity). We otherwise lack jurisdiction to review the agency's discretionary determination that Martinez-Salas did not show exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal, where Martinez-Salas's remaining challenges to the determination do not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

The BIA did not abuse its discretion in denying Martinez-Salas's motion to terminate where his challenge to the immigration court's jurisdiction is foreclosed

by *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019), because he received a notice of hearing that included the time and date of the hearing.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.